# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY, | CASE NO. 1:06-cv-00771-AWI-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| D. CARROLL, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### _____A.   Summary of Plaintiff's Complaint

Plaintiff was a prisoner incarcerated at the California State Prison in Corcoran, California ("Corcoran") when the events in his complaint transpired.  Plaintiff's complaint does not specifically state the claims he is pursuing but they appear to arise from retaliation for his exercise of his First Amendment rights and use of excessive force in violation of the Eighth Amendment of the United States Constitution.  Plaintiff names 15 correctional staff members as defendants.  Plaintiff's complaint seeks both monetary and injunctive relief.

Plaintiff alleges that Defendant D. Carroll wrote a disciplinary report against Plaintiff that was dismissed on June 23, 2004.  Defendant Carroll began to harass and intimidate Plaintiff as a result of the dismissal.  Plaintiff alleges that Defendant Carroll was "wrongly attempting to discredit me at my work site and making it extremely difficult for me to satisfactorily perform my required job duties . . . and he falsely accused me of having contraband."  (Compl. 2-B).

On October 12, 2004, Plaintiff filed an inmate appeal complaining of Defendant Carroll's harassment.  Plaintiff alleges that the correctional staff that reviewed the inmate appeal (Defendants J. R. Andrews, D. Stockman, and M. Robicheaux) "covered up Defendant Caroll's misconduct by refusing to conduct an adequate and acceptable review".  (Compl. 2-B).  As a result of this appeal, Defendant Carroll intensified his harassment.  Plaintiff alleges that in one instance Defendant Carroll pushed Plaintiff against the wall, kicked Plaintiff in the leg, and threatened to use his influence with other inmates to harm him.  Plaintiff also alleges that Defendant made offensive comments to

Plaintiff during strip searches and "search[ed] my cell in a very vigorous manner and [wrote] a disciplinary report on whatever grounds they could come up with." (Compl. 2-C).

On October 14, 2004, Plaintiff filed a second inmate appeal complaining of Defendant Carroll's harassment. Plaintiff again alleges that the correctional staff that reviewed the inmate appeal (Defendants Robincheaux, Stockman, and N. Dill) acted to cover up Defendant Carroll's misconduct.

On October 17, 2004, Plaintiff was attacked by two other inmates at Corcoran. Plaintiff was shot in the face and right foot with an XM-1006 exact impact round by a Defendant Correctional Officer Wright during the fight. Plaintiff was transferred to an outside hospital by ambulance to treat the wounds resulting from the incident. Plaintiff alleges that the attack by the two other inmates was the result of Defendant Carroll following through on his threat against Plaintiff. Plaintiff further alleges that Defendant Floor Officers L. Blevin and D. Uribe witnessed the attack and intentionally did not intervene to stop it so that Defendant Wright could fire the XM-1006 rounds at Plaintiff.

On October 25, 2004, Plaintiff filed a third inmate appeal addressing the October 17 incident. Plaintiff again alleges that the correctional staff that reviewed the inmate appeal (Defendants Blevin, G. Finley, Uribe, Wright, J. Denney, A.K. Scribner, R. Lopez, and N. Dill) acted to cover up Defendant Carroll's misconduct. Plaintiff also alleges that the members of the Use of Force Committee (named as "Doe" defendants) participated in covering up the incident because they failed to provide supplemental or amended reports specifying where the XM-1006 rounds struck.

Plaintiff also names J. Busby, Stockman, N. Grannis, Andrews, and L. Watson as defendants for participating in the alleged cover up in reviewing Plaintiff's appeals.

### B.    Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

1 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

2 a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An

3 allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is

4 sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

5      Plaintiff's complaint alleges that Defendant Carroll engaged in a number of retaliatory

6 actions against Plaintiff after he began filing inmate appeals against Defendant Carroll.  Plaintiff

7 alleges that Defendant Carroll verbally abused, threatened, and physically attacked Plaintiff in

8 retaliation against the inmate appeals.  Plaintiff alleges that Defendant Carroll's actions did not

9 reasonably advance a legitimate correctional goal.  Therefore, Plaintiff's complaint states a

10 cognizable claim for retaliation against Defendant Carroll.

11      **C.    Excessive Force Claim**

12      The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

13 Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).

14 For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort

15 to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S.

16 at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic

17 use of force to cause harm always violates the Eighth Amendment, regardless of whether or not

18 significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002)

19 (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis

20 injuries)).

21      Plaintiff alleges that Defendant Carroll pushed Plaintiff against the wall, kicked him in the

22 leg, and sent two other inmates to attack Plaintiff for the sole purpose of causing harm in retaliation

23 for Plaintiff's inmate appeals.  Therefore, Plaintiff's complaint states a cognizable claim for use of

24 excessive force against Defendant Carroll.

25      Plaintiff alleges Defendants  L. Blevin, D. Uribe and Wright allowed two inmates to attack

26 Plaintiff so that Defendant Wright would be able to fire XM-1006 rounds at Plaintiff.  Plaintiff

27 alleges that such actions had no legitimate correctional goal and were undertaken for the sole purpose

28 ///

1  of maliciously causing harm to Plaintiff.  Therefore, Plaintiff's complaint states a cognizable claim

2  for use of excessive force against Defendants L. Blevin, D. Uribe and Wright.

3  **D.    Claims Against Other Defendants**

4  Plaintiff names the correctional staff that reviewed Plaintiff's inmate appeals as defendants,

5  alleging that they are liable for covering up the constitutional violations of the other defendants.

6  However, "only persons who cause or participate in the [constitutional] violations are responsible".

7  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645, 656-57

8  (7th Cir. 2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d

9  987, 992-93 (7th Cir. 1996)).  "Ruling against a prisoner on an administrative complaint does not

10 cause or contribute to the violation." Id.  Any actions that the appeals reviewers took were after a

11 constitutional violation would have already occurred.  Therefore, any actions they undertook to cover

12 up the prior violations are not themselves constitutional violations redressable under § 1983.  Thus,

13 Plaintiff's complaint fails to state any cognizable claims against Defendants J. R. Andrews, D.

14 Stockman, M. Robicheaux,, and N. Dill, G. Finley, J. Denney, A.K. Scribner, R. Lopez, J. Busby,

15 N. Grannis, Andrews, L. Watson, K. J. Allen or the members of the Use of Force Committee (named

16 as "Doe" defendants) for their participation in the inmate appeals process.

17 **E.    Claims for Injunctive Relief**

18 In addition to money damages, Plaintiff seeks declaratory and injunctive relief.  Plaintiff

19 seeks:

20 nonmonetary relief against all defendants . . . declaring my rights, the inadequacy of the

21 inmate appeals process as evidenced by this matter, and ordering injunctive relief protecting

22 me from further harm at the hands of defendants and their agents, as well as ordering

23 corrections in the handling of the inmate appeals process so that inmates are not retaliated

24 against and their claims in their appeals receive a fair and complete review.

25 (Compl. 3).  Any award of equitable relief is governed by the Prison Litigation Reform Act, which

26 provides in relevant part, "Prospective relief in any civil action with respect to prison conditions

27 shall extend no further than necessary to correct the violation of the Federal right of a particular

28 plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court

1  finds that such relief is narrowly drawn, extends no further than necessary to correct the violation

2  of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal

3  right." 18 U.S.C. § 3626(a)(1)(A).

4           **i.**    **Declaratory Relief**

5      "'A case or controversy exists justifying declaratory relief only when the challenged

6  government activity is not contingent, has not evaporated or disappeared, and, by its continuing and

7  brooding presence, casts what may well be a substantial adverse effect on the interests of the

8  petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters,

9  Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal

10  quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a

11  useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

12  afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759

13  F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). Plaintiff has an adequate remedy in damages

14  should he prevail on his claim that his constitutional rights were violated. Therefore, his claims for

15  declaratory relief are dismissed.

16           **ii.**    **Injunctive Relief**

17      In general, injunctive relief is "to be used sparingly, and only in a clear and plain case." See

18  Rizzo v. Goode, 423 U.S. 362, 378 (1976) (internal quotation omitted). When a government agency

19  is involved, the government should be granted the "widest latitude in the dispatch of its own internal

20  affairs" and when a state agency is involved, these considerations are strengthened because of

21  federalism concerns. Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (citing O'Shea v.

22  Littleton, 414 U.S. 488, 499 (1974)). Injunctive relief is appropriate only when "irreparable injury"

23  is threatened, City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), and any injunctive relief

24  awarded must avoid unnecessary disruption to the state agency's "normal course of proceeding,"

25  O'Shea, 414 U.S. at 501. Again, Plaintiff has an adequate remedy in damages should he prevail on

26  his claim that his constitutional rights were violated. Therefore, his claims for injunctive relief are

27  dismissed.

28  ///

**III.    Conclusion and Recommendations**

In summary, Plaintiff alleges a cognizable claim for relief for retaliation against Defendant Carroll.  Plaintiff also alleges a cognizable claim for relief for use of excessive force in violation of the Eighth Amendment against Defendants Carroll, L. Blevin, D. Uribe and Wright.  However, the complaint does not state any other cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff four (4) summonses and four (4) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

      a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

      b.     Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Carroll, L. Blevin, D. Uribe and Wright for violation of the Eighth Amendment; and

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:   December 11, 2008**           **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

8