# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY, | CASE NO. 1:06-cv-00771-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR SANCTIONS |
| v. | (Doc. 32) |
| D. CARROLL, et al., | |
| Defendants. | |

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 5, 2010, Defendants filed a motion requesting sanctions against Plaintiff for his failure to obey a court order compelling Plaintiff to respond to Defendants' discovery requests. (Doc. #32.) Plaintiff filed an opposition to Defendants' motion on April 22, 2010. (Doc. #35.) Defendants filed a reply on April 23, 2010. (Doc. #36.)

**I.  Background**

Defendants request sanctions for Plaintiff's failure to comply with the Court's order compelling Plaintiff to respond to Defendants' discovery requests. Defendants claim that they propounded five (5) discovery requests on Plaintiff on October 14, 2009: one set of document production requests, and four sets of interrogatories from Defendants Blevin, Carroll, Uribe, and Wright. Plaintiff's responses to these requests were due forty-five (45) days after they were served.

On January 8, 2010, Defendants filed a motion to compel stating that they had yet to receive any responses from Plaintiff. (Doc. #27.) The Court granted Defendants' motion to compel on

February 9, 2010. (Doc. #29.) The Court ordered Plaintiff to respond to Defendants' discovery requests within twenty (20) days.

On February 24, 2010, Defendants filed a motion for an extension of time. (Doc. #30.) In their motion, Defendants' counsel submitted a declaration that stated:

> On January 11, 2010, my office received a stack of documents from Plaintiff in the following order: "Plaintiff's Objections to Interrogatories from Defendants Carroll, Blevin, Uribe and Wright;" [and] "Plaintiff's Responses to Interrogatories, Set One."

(Defs.' Mot. for Extension of Time to Serve Discovery Responses; Decl. of Defense Counsel 2:8-14, ECF No. 30.)

On April 15, 2010, Defendants filed the present motion for sanctions. Defendants argue that Plaintiff failed to comply with the Court's February 9, 2010 order compelling Plaintiff to respond to Defendants' discovery requests. (Defs.' Notice of Mot. and Mot. for Terminating Sanctions or, in the Alternative, Mot. for Evidentiary Sanctions; Mem. of P. & A. 3:6-13, ECF No. 32.) Defendants contend that Plaintiff refused to respond to Blevin, Carroll, Uribe, and Wright's interrogatories. (Mot. for Terminating Sanctions 3:6-13, ECF No. 32.) Defendants further contend that Plaintiff continued to refuse to participate in the discovery process after the Court ordered Plaintiff to respond. (Mot. for Terminating Sanctions 3:6-13, ECF No. 32.) Defendants later state that "[o]n January 11, 2010, Plaintiff served a single discovery response in response to Defendant Carroll's request for responses to interrogatories."[1] (Mot. for Terminating Sanctions 4:6-8, ECF No. 32.) Plaintiff responded to each interrogatory with: "Objection. The command, listed as Interrogatory No. [1], does not ask a question." (Mot. for Terminating Sanctions 4:9-10, ECF No. 32.) Plaintiff did not provide any substantive responses to any of the interrogatories.

Plaintiff argues that Defendants' motion is moot because Plaintiff provided sufficient responses to Defendants' interrogatories on February 27, 2010. Plaintiff explains that Defendants'

---

[1] Defendants' allegation that they only received a single discovery response conflicts with the declaration submitted with their February 24, 2010 motion for extension of time, which indicated that they received two documents from Plaintiff, one entitled "Plaintiff's Objections to Interrogatories from Defendants Carroll, Blevin, Uribe and Wright," and a second one entitled "Plaintiff's Responses to Interrogatories, Set One." Defendants have provided no explanation for this discrepancy.

2

failure to receive his responses was through no fault of his own because "Plaintiff can only give his mail to the prison guards, he has no control over the promptness of the prison's outgoing mail systems." (Pl.'s Opp'n to Def.'s[sic] Mot. for Terminating or Evidentiary Sanctions 2, ECF No. 35.) Plaintiff attached the "'original' proof of service" for his mailing to his opposition. Notably, Plaintiff has not attached the actual responses to the discovery requests to his opposition.[2]

Defendants argue in reply that Plaintiff's claim that he served discovery responses on February 27, 2010 is not supported by any independent evidence. (Defs.' Reply in Support of Mot. for Terminating Sanctions or, in the Alternative, Mot. for Evidentiary Sanctions 2:25-26, ECF No. 36.) Defendants further state that "[t]o this date, Defendants have not received the discovery responses that Plaintiff claims to have mailed on February 27, 2010." (Defs.' Reply 2:26-27, ECF No. 36.) However, it appears that Defendants have received substantive discovery responses from Plaintiff. Earlier in their reply, Defendants stated:

> While Plaintiff simultaneously served substantive discovery responses to Defendants' discovery requests, Defendants have not yet had an opportunity to review those responses to ensure the absence of objections and otherwise determine their adequacy.[3]

(Defs.' Reply 2:21-23, ECF No. 36.) Defendants later state that they "are only now receiving Plaintiff's responses." (Defs.' Reply 3:2-3, ECF No. 36.) Defendants argue that Plaintiff should be sanctioned for serving belated responses to Defendants' discovery requests.

///
///

---

[2] Plaintiff also argues that Defendants' motion is moot if the Court grants Plaintiff's motion for extension of time to conduct discovery. The Court, in an order issued concurrently with this order, has denied Plaintiff's motion for an extension of time. Further, an extension of time to conduct discovery does not extend the 45 day deadline for responding to another party's discovery requests.

[3] Defendants' statement is vague because they never explain with what Plaintiff's responses were simultaneously served. Presumably, Plaintiff's responses were served simultaneously with Plaintiff's opposition to Defendants' motion for sanctions. Further, Defendants claim that they never received Plaintiff's February 27, 2010 discovery responses but also claim that they recently received substantive discovery responses. The Court assumes that it is Defendants' position that the substantive responses they recently received are not the same as the responses that Plaintiff claims to have sent them on February 27, 2010. Defendants appear to imply that Plaintiff is lying and never sent anything on February 27, 2010, and fabricated the proof of service submitted with his opposition. The Court declines to address the issue as it is not necessary to resolve the pending motion.

## II. Discussion

### A. Sanctions for Disobeying the Court's February 9, 2010 Order

Defendants request terminating sanctions or evidentiary sanctions against Plaintiff because of the delayed response to Defendants' discovery requests. Federal Rule of Civil Procedure 37(b) provides that a party may be sanctioned for not obeying a discovery order. Defendants argue that Plaintiff should be sanctioned for his failure to comply with the Court's February 9, 2010 order compelling Plaintiff to respond to Defendants' discovery requests.

It is not clear that Plaintiff willfully disobeyed the Court's February 9, 2010 order compelling Plaintiff to respond to Defendants' discovery requests. Defendants filed their motion to compel on January 8, 2010. Defendants' motion to compel was premised on Plaintiff's complete failure to respond to Defendants' discovery requests. The Court granted Defendants' motion to compel on February 9, 2010. At that time, the Court was under the impression that Plaintiff still failed to provide any response to Defendants' discovery requests. The Court ordered Plaintiff to respond to Defendants' discovery requests.

Neither party informed the Court that Plaintiff responded to Defendants' discovery requests on January 11, 2010--after Defendants filed their motion to compel but before the Court ruled on it. Thus, it is likely that Plaintiff did not respond to the Court's February 9, 2010 order compelling further discovery responses because Plaintiff believed that his January 11, 2010 responses rendered the order moot. The Court finds that sanctions are not appropriate for Plaintiff's actions.

### B. Contents of Plaintiff's January 11, 2010 Responses

The Court finds that Plaintiff's January 11, 2010 discovery responses were sufficient to render the February 9, 2010 order moot. However, whether Plaintiff's responses were sufficient for the purpose of responding to Defendants' discovery requests is an entirely separate issue and one that Defendants never raised before the Court. Defendants never filed a motion to compel arguing that Plaintiff's responses were evasive because Plaintiff's objections were unfounded. Defendants' description of Plaintiff's responses suggests that Plaintiff's objections were frivolous. Instead of providing substantive responses to Defendants' interrogatories, Plaintiff objected on the ground that

///

Defendants' interrogatories were formatted as commands, as opposed to questions.[4]  The Court is not aware of any authority that requires interrogatories to by styled as questions, rather than commands.  Regardless of whether Plaintiff's objections had any merit, the only issue raised in Defendants' motion for sanctions is whether Plaintiff obeyed the Court's February 9, 2010 order.  The Court is satisfied with Plaintiff's response to that order.

Defendants have indicated that Plaintiff supplemented his responses after Defendants filed their motion for sanctions.  The Court will grant Defendants time to review these supplemental responses and prepare a motion to compel, if necessary.  Defendants shall inform the Court, within fifteen (15) days of the date of service of this order, whether they intend to file a motion to compel and whether they need additional time to schedule and conduct a deposition.

### III.  Conclusion and Order

The Court finds that at this time, sanctions are not warranted for Plaintiff's failure to respond to the Court's February 9, 2010 order.  Plaintiff has provided Defendants with supplemental responses to their discovery requests.  The Court will grant Defendants time to review those responses. If appropriate, Defendants may then file a motion to compel and/or a motion requesting sanctions.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for sanctions, filed on April 5, 2010, is DENIED; and
2. Defendants shall, within twenty (20) days of the date of service of this order, file any motion to compel further responses from Plaintiff, if appropriate, and inform the Court regarding whether Defendants require an extension of time to schedule and conduct a deposition.

IT IS SO ORDERED.

**Dated:   June 30, 2010**                     /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

---

[4] For example, Defendant Carroll's first interrogatory was "[s]tate each and every fact in support of your contention that Defendant Carroll violated your constitutional rights as alleged in your Complaint."  (Mot. for Terminating Sanctions Ex. C, at 2:6-8, ECF No. 32.)