# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY,<br><br>            Plaintiff,<br><br>   v.<br><br>D. CARROLL, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-00771-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY ACTION AND REOPEN DISCOVERY<br><br>(ECF No. 51) |

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed June 19, 2006, against Defendants Carroll, Blevin, Uribe, and Wright for excessive force in violation of the Eighth Amendment, and Defendant Carroll for retaliation in violation of the First Amendment. (ECF No. 1.) A discovery and scheduling order was issued opening discovery on May 20, 2009. (ECF No. 21.) On April 15, 2010, Plaintiff filed a motion for an extension of time to complete discovery, which was denied on June 29, 2010. (ECF Nos. 34, 38.) On November 29, 2010, Defendants filed a motion for summary judgment. (ECF No. 47.) Plaintiff filed an opposition and a request to stay Defendants motion and conduct additional discovery on December 22, 2010.[1] (ECF Nos. 50, 51.) Defendants filed a request for an extension of time to file a reply, which was granted, however no reply was filed.

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the second informational order filed February 4, 2009. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (ECF No. 13.)

1

1   In his motion Plaintiff alleges that Defendants motion for summary judgment is untimely and
2   moves to have it disregarded. On October 25, 2010, the Court issued an order granting Defendants
3   a thirty day extension of time to file dispositive motions.[2] Plaintiff alleges that since Defendants
4   motion was not filed until November 29, 2010, it was four days late. However, due to Court
5   holidays, Defendants' motion was not due until November 29, 2010. Fed. R. Civ. Proc. 6. Since
6   the motion was filed November 29, 2010, it was timely and Plaintiff's motion shall be denied.

7   Plaintiff also requests that if the motion for summary judgment proceeds he be allowed to
8   conduct additional discovery to oppose the motion. Plaintiff states that additional discovery is
9   necessary so he can prove that Defendants lied under oath in their declarations. He wishes to
10  subpoena inmate witnesses who observed the attack, the inmates who attacked him to determine why
11  they acted as they did, and a physician to examine his medical records to determine how his eye was
12  injured.

13  The deadline for the completion of all discovery in this action was January 20, 2010.
14  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good
15  cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
16  609 (9th Cir. 1992). If the party seeking to amend the scheduling order fails to show due diligence
17  the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern
18  California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

19  The scheduling order was issued on May 20, 2009, and Plaintiff had eight months to conduct
20  discovery. Plaintiff's prior motion for additional time to conduct discovery was denied because
21  Plaintiff failed to show good cause. Plaintiff is requesting to reopen discovery to obtain declarations
22  that should have been anticipated from the inception of this action. Plaintiff has failed to show that
23  he has made any attempts to obtain the information requested while discovery was open and he did
24  not file a motion to extend discovery prior to the discovery deadline. Plaintiff's current motion, filed
25  over eleven months after discovery in this action has closed, fails to show diligence in attempting
26  to comply with the scheduling order.

27
28  [2] The date Plaintiff uses to calculate the due date is the date Defendants filed their motion for an extension of time, rather than the date the Court granted Defendants' motion.

2

     To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. <u>Johnson</u>, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)). Plaintiff has not established good cause to modify the scheduling order and his motion to reopen discovery shall be denied.

     Accordingly, it is HEREBY ORDERED that Plaintiff's motion to request a stay to conduct discovery filed December 22, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   May 16, 2011**          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE