# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY, | CASE NO. 1:06-cv-00771-AWI-SMS PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| D. CARROLL, et al., | |
| Defendants. | (ECF Nos. 47, 56, 57) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION TO SET A SETTLEMENT CONFERENCE |

## I.  Findings and Recommendations

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 29, 2010, Defendants filed a motion for summary judgment, and Plaintiff filed an opposition on December 22, 2010. On June 1, 2011, the Magistrate Judge issued findings and recommendations recommending that Defendant's motion for summary judgment be granted in part and denied in part. The undersigned has considered Plaintiff's objections, filed on July 1, 2011.

Plaintiff objects to the findings and recommendations because he alleges that Defendants Uribe and Carroll failed to protect him from being struck by a round fired by Defendant Wright. In both the complaint and declaration filed in opposition to the motion for summary judgment, Plaintiff

1

1 contended and provided evidence that the fight was over at the time Defendant Wright fired the
2 weapon.  As such, the Magistrate Judge correctly found a disputed issue of fact on Defendant
3 Wright's use of force.   However, prior to the findings and recommendations being filed, Plaintiff
4 only provided evidence that Defendants Uribe and Carroll did not intervene to stop the attack and
5 subsequent shooting.   In the objections, Plaintiff now alleges that at the time of the shooting the
6 fight was not only over, it was Defendant Uribe who made Plaintiff stand up, resulting in Defendant
7 Wright shooting Plaintiff.  No evidence concerning this fact was ever presented in the complaint or
8 declaration in response to the Motion for Summary Judgment.   As such, this allegation cannot be
9 considered.  Factual assertions that could have been but were not presented to the Magistrate Judge
10 should be given no consideration when the court is deciding whether to adopt Findings and
11 Recommendations. Wade v. Liles, 2007 WL 2481881, *2 (E.D.Cal. 2007); Sundaram v. County of
12 Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems,
13 Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).  Considering Plaintiff's allegations in the complaint
14 and declaration and taking these allegations as true, there is nothing to indicate that Defendants Uribe
15 or Carroll were aware that Plaintiff was in danger of being struck by the round fired and failed to act
16 in response to such knowledge.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

17 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
18 de novo review of this case.  Having carefully reviewed the entire file, the undersigned finds the
19 findings and recommendations to be supported by the record and by proper analysis.

20 **II.     Motion for Settlement Conference**

21 Plaintiff also requests that the case be referred for settlement.  The Federal Rules of Civil
22 Procedure authorize settlement discussions at any pretrial conference. Fed.R.Civ.P. 16(c)(9). While
23 federal courts have the authority to require the parties to engage in settlement conferences, they have
24 no authority to coerce settlements.  Goss Graphic Systems, Inc. v. DEV Industries, Inc., 267 F.3d
25 624, 627 (7th Cir. 2001.)  Defendants have not indicated to the Court that they are willing to
26 participate in a settlement conference. As Plaintiff was previously advised, no settlement conference
27 will be scheduled until such time as *both* parties agree to participate in one.

28

### III. Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

### IV. Withdrawal of Request for Jury Trial

In his objection Plaintiff requests a court trial. Claims brought under 42 U.S.C. § 1983 are triable by jury, Solis v. County of Los Angeles, 514 F.3d 946, 953-54 (9th Cir. 2008); City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 709 (1999), and Defendants timely demanded a trial by jury in their answer filed on April 20, 2009. Fed. R. Civ. Proc. 38(b). Accordingly, unless the parties stipulate to a court trial, this action shall remain a jury action. Fed. R. Civ. Pro. 39(a).

### V. Order

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed June 1, 2011, is adopted in full;
2. Defendants' motion for summary judgment, filed November 29, 2010, is GRANTED IN PART and DENIED IN PART as follows:
    a. Defendants' motion for summary adjudication as to Plaintiff's claims against Defendant Uribe are GRANTED;
    b. Defendants' motion for summary adjudication as to Plaintiff's excessive

|     |     |                                                                                                       |
| --- | --- | ----------------------------------------------------------------------------------------------------- |
|     |     | force claim against Defendant Carroll is GRANTED;                                                     |
|     | c.  | Defendants' motion for summary adjudication as to Plaintiff's retaliation claims against Defendant Carroll: |
|     |     | 1.   Arising out of the incidents on October 14, 2007, are DENIED;                                    |
|     |     | 2.   Arising out of all remaining incidents are GRANTED;                                              |
|     | d.  | Defendants' motion for summary adjudication as to Plaintiff's excessive force claim against Defendant Wright is DENIED; |
|     | e.  | Defendants' motion for summary adjudication on the grounds of qualified immunity for the excessive force claim against Defendant Wright is DENIED; |
| 3.  |     | This action is proceeding against Defendant Wright on Plaintiff's claim of excessive force and against Defendant Carroll for retaliation arising out of the incidents on October 14, 2007; |
| 4.  |     | Plaintiff's motion for appointment of an expert witness is DENIED;                                    |
| 5.  |     | Plaintiff's motion for a settlement conference is DENIED;                                             |
| 6.  |     | Plaintiff's motion for appointment of counsel is DENIED;                                              |
| 7.  |     | Plaintiff's motion for a court trial is DENIED; and                                                   |
| 8.  |     | This matter is referred back to the Magistrate Judge to set for trial by jury on the remaining claims. |

IT IS SO ORDERED.

Dated:   July 12, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE