1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    DONALD J. ACKLEY,                          CASE NO. 1:06-cv-00771-AWI-SMS PC

10                        Plaintiff,             ORDER DENYING MOTION AND DIRECTING
                                                 THE  CLERK  OF  THE  COURT  TO  FILE
11        v.                                     MOTION UNDER SEAL

12   D. CARROLL, et al.,

13                        Defendants.
                                            /
14

15        Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 9, 2011, Plaintiff

17   submitted a motion to the Court requesting a continuance of the trial.  The motion contains medical

18   information regarding Plaintiff and will therefore be filed under seal.  Plaintiff requests that the trial

19   in this action be continued, two separate trials be conducted, waiver of witness fees, and a court order

20   issue directing that his legal paperwork be returned to him or protected.[1]  Plaintiff also includes a list

21   of information that he is requesting.  Initially, Plaintiff is informed that discovery in this action

22   closed on January 20, 2010, and therefore his discovery requests are untimely.

23        Plaintiff requests that the Court conduct separate trials for the claims in this action because

24   there are two defendants and separate incidents.  The Federal Rules allow for separate trials "[f]or

25   convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. Proc. 42(b).   Rule

26   42(b) confers broad discretion upon the district court to bifurcate a trial.  Hangarter v. Provident Life

27   ───────────────

28        [1]Plaintiff's motion for a court order will be addressed by a separate findings and recommendation issued
     concurrently with this order.

                                                  1

1    & Accident Ins. Co., 373 F.3d 998, 1021 (9 th Cir. 2004).  In this action Plaintiff alleges that

2    Defendant Carroll began to harass him and threatened to have other inmates attack Plaintiff.  The

3    claims against Defendant Wright are related to Plaintiff's allegation that Defendant Carroll had

4    Plaintiff attacked by two inmates, during which Defendant Wright allegedly fired his non-lethal

5    weapon to break up the fight.  Since the claims in this action are related and the same witnesses will

6    be necessary for trial, the Court does not find any additional convenience or efficiency would be

7    reached by the requested bifurcation.  Nor does the Court conclude that bifurcation is necessary to

8    avoid prejudice.  Therefore, Plaintiff's motion is denied.

9          With regard to Plaintiff's motion for a waiver of witness fees, the expenditure of public funds

10   on behalf of an indigent litigant is proper only when authorized by Congress.  See Tedder v. Odel,

11   890 F.2d 210 (9th Cir. 1989) (citations omitted).  The in forma pauperis statute does not authorize

12   the Court to waive witness fees or expenses paid to those witnesses.  Dixon v. Ylst, 990 F.2d 478, 480

13   (9th Cir. 1993); see 28 U.S.C. § 1915.

14         Plaintiff moves to have the trial in this action continued from January 24, 2012.  On August

15   29, 2011, an order issued continuing the trial in this action until May 1, 2012.  Accordingly, Plaintiff's

16   motion for an extension of time is moot.

17         Based on the foregoing, it is HEREBY ORDERED that:

18   1.    The Clerk of the Court shall serve a courtesy copy of the motion received September

19         9, 2011, on the Deputy Attorney General;

20   2.    The Clerk of the Court is DIRECTED to file under seal Plaintiff's motion for an

21         extension of time filed on September 9, 2011;

22   3.    Plaintiff's motion for an extension of time is DENIED as moot; and

23   4.    Plaintiff's motion for separate trials and waiver of witness fees is DENIED.

24

25

26         IT IS SO ORDERED.

27   Dated:    September 27, 2011          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE
28

2