# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY, | CASE NO. 1:06-cv-00771-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| D. CARROLL, et al., | (ECF No. 78) |
| Defendants. | |

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is currently set for trial on June 26, 2012. On December 8, 2011, Plaintiff filed a notice of change of address in which he requested a new scheduling order and a preliminary injunction.[1]

Plaintiff seeks an order directing Lancaster State Prison to ship all of his personal property to his new prison. As Plaintiff has previously been informed, for each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert.denied, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599

---

[1] Plaintiff's motion to amend the scheduling order shall be addressed by an order issued concurrently with these findings and recommendations.

F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claims that prison guards at Corcoran State Prison used excessive force or retaliated against him. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers, 129 S. Ct. at 1148-49; Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff the requested injunctive relief. Steel Co., 523 U.S. at 102-103.

Accordingly, it is recommended that Plaintiff's motion for injunctive relief, filed December, 8, 2011, be DENIED, for lack of jurisdiction.

It is ordered that this finding and recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **THIRTY (30) DAYS** after being served with the finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 13, 2011              /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE

2