# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>D. CARROLL, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00771-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO AMEND THE SCHEDULING ORDER AND DEEMING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF WITNESSES AND PRETRIAL STATEMENT AS TIMELY SUBMITTED (ECF Nos. 82, 84)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES (ECF No. 82)<br><br>ORDER REQUIRING PLAINTIFF TO SUBMIT WITNESS FEES BY APRIL 13, 2012 |

**I.    Background**

Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following the resolution of Defendants' motion for summary judgment, this action is proceeding on Plaintiff's complaint, filed June 19, 2006, against Defendant Wright for excessive force in violation of the Eighth Amendment, and Defendant Carroll for retaliation based on an incident that occurred on October 14, 2007, in violation of the First Amendment.  This action is currently set for jury trial on June 26, 2012.[1] (ECF No. 1.)

On December 13, 2011, an order issued denying Plaintiff's motion to amend the scheduling

---

[1] On July 13, 2011, Plaintiff's claims against Defendants Uribe and Carroll were granted and they were dismissed from this action. (ECF No. 58.)

1

order. (ECF No. 79.) On December 21, 2011, Plaintiff filed objections to the order denying his motion to amend the scheduling order. (ECF No. 82.) On December 30, 2011, Plaintiff filed a pretrial statement. (ECF No. 81.) On January 3, 2012, Plaintiff filed a second objection to the order denying his motion to amend the scheduling order. (ECF No. 84.)

## II.   Motion for Reconsideration and Motion to Amend the Scheduling Order

In his objections filed December 21, 2011, which the court construes as a motion for reconsideration, Plaintiff states that he was in the hospital until October 24, 2011, and his personal property, including his legal work, was lost. Plaintiff's objection includes the witnesses that he wishes to be included at trial.

In his objections dated January 3, 2012, which the Court construes as a motion to amend the scheduling order, Plaintiff states that he was not able to file his pretrial statement because he was being held in a mental hospital and did not have access to a paper and pencil until December 8, 2011. Plaintiff requests an amendment of the scheduling order to allow him to file his pretrial statement and a payment plan to bring his witnesses to court. The Court finds good cause to amend the scheduling order and will consider Plaintiff's motion for the attendance of incarcerated witnesses, filed December 21, 2011, and his pretrial statement, filed December 30, 2011 as timely filed.

## III.   Motion for the Attendance of Witnesses[2]

### A.   Incarcerated Witnesses

Plaintiff requests the attendance of inmates Robert Smith, CDCR No. D-00616 or CDCR No. D-00016; King, Rusk, and Chris Water. In the second scheduling order, issued July 15, 2011, the procedures to obtain the attendance of incarcerated witnesses was set forth. (ECF No. 59.) Plaintiff was informed that to obtain the attendance of incarcerated witnesses at trial he must serve "a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each

---

[2] Plaintiff's request for the attendance of witnesses was compiled by reviewing Plaintiff's objections, filed December 16, 2011, and January 3, 2012, and the pretrial statement, filed December 30, 2011. (ECF Nos. 82, 83, 84.)

1  witness has actual knowledge of relevant facts." (Id. at 2:14-19.)

2  In determining whether to grant Plaintiff's motion for the attendance of inmates factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff's motion is devoid of any information regarding the testimony inmates Smith or Water would offer at trial. The Court is unable to determine if either inmate Smith or Water was an eye or ear witness to the events at issue in this action and therefore the relevancy of any testimony proffered by inmate Smith or Water cannot be determined.

Plaintiff states that inmates King and Rusk were both working "PIA mental fatl [sic]" on the day in question. This information is insufficient to allow a determination if the inmate was an eye or ear witness or possesses relevant knowledge of the incidents at issue in this action. Additionally, Plaintiff has failed to provide the CDCR number of inmates King, Rusk, and Water and the Court is unable to determine where the inmates are housed. Since the Court is unable to determine if the inconvenience and expense of transporting these inmate witnesses would outweigh the importance of the inmates' testimony, Plaintiff's motion for the attendance of inmates Smith, Rusk, King, and Water is denied. Walker, 14 F.3d at 1422.

**B.  Unincarcerated Witnesses**

Plaintiff seeks the attendance of Correctional Officer King, MTA Hale, Captain Deal, Lt. Robertson, Captain Dill, Sgt. Roboxas, and Lt. Grandy employed at Corcoran State Prison; and Dr. Jerry Moore employed at University Medical Center, Fresno. Plaintiff is notified that for each witness that does not agree to appear voluntarily he must submit a money order, made payable to the witness, to the Court.

For each witness that is employed at Corcoran state prison, Plaintiff must submit $94.18.[3] If Plaintiff wishes to have King, Hale, Deal, Robertson, Dill, Roboxas or Grandy served with summonses to testify at trial, he must submit, for *each* witness, a money order made out to that witness in the amount of $94.18, by April 13, 2012.

The Court is unable to determine if Plaintiff is attempting to call Dr. Moore as a percipient or expert witness. If Dr. Moore is a percipient witness, for example, he treated Plaintiff for the injuries that he sustained in this incident, then Plaintiff must submit a money order for $44.34 made out to Dr. Moore by April 13, 2012.[4] However, if Plaintiff is seeking to subpoena Dr. Moore as an expert witness then expert witness fees apply and Plaintiff will need to contact Dr. Moore directly to make arrangements for the expert witness fee.

Plaintiff shall be given until April 13, 2012, to submit the witness fees. The Court will not establish a payment plan, however Plaintiff may submit the fee for each witness as he has funds available. No witness will be served with a subpoena absent the timely submission of a money order.

Finally, to the extent Plaintiff is unsure where the witness is currently located, the Court and the Marshal cannot and will not conduct an investigation on Plaintiff's behalf. Ascertaining the location of Plaintiff's non-incarcerated witnesses is Plaintiff's responsibility. If Plaintiff submits the money orders as required, the Court will direct the Marshal to serve the witnesses at the location provided by Plaintiff.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objection, construed as a motion for reconsideration, filed December 21, 2011, is GRANTED;

---

[3] The daily witness fee of $40.00, plus $54.18 for round trip mileage for one day. 28 U.S.C. § 1821. It is 106.24 miles, round trip, from Corcoran State Prison to the courthouse, and the current mileage reimbursement rate is 51 cents per mile.

[4] The daily witness fee of $40.00, plus $4.34 for round trip mileage for one day. 28 U.S.C. § 1821. It is 4.34 miles, round trip, from University Medical Center to the courthouse, and the current mileage reimbursement rate is 51 cents per mile.

2. Plaintiff's objection, construed as a motion to amend the scheduling order, filed January 3, 2012, is GRANTED and Plaintiff's motion for the attendance of witnesses and pretrial statement are deemed timely submitted;

3. Plaintiff's motion for the attendance of inmates Smith, King, Rusk, and Water is DENIED;

4. **For each unincarcerated witness employed at Corcoran State Prison that Plaintiff wishes to have served with summonses to testify at trial, he must submit, for *each* witness, a money order made out to that witness in the amount of $94.18 by April 13, 2012.**

5. **To obtain the attendance of Dr. Moore as a percipient witness, Plaintiff must submit a money order for $44.34 made out to Dr. Moore by April 13, 2012. However, if Plaintiff is seeking to subpoena Dr. Moore as an expert witness then expert witness fees apply and Plaintiff will need to contact Dr. Moore directly to make arrangements for his expert witness fee; and**

6. <u>**The Court cannot accept cash, and the money orders may not be made out to the Court. The money orders must be made out in the witness's name.**</u>

IT IS SO ORDERED.

Dated:   **January 18, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE

5