UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD J. ACKLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>D. CARROLL, et al.,<br><br>        Defendants. | Case No.: 1:06-cv-00771-AWI-BAM PC<br><br>ORDER DENYING MOTION FOR LATE SETTLEMENT AND THIEF OF PAYMENT AGREEMENT (ECF No. 118)<br><br>ORDER DENYING MOTION IN SUPPORT OF VIOLATION BY DEFENDANTS VIOLATING A COURT ORDER (ECF No. 121)<br><br>ORDER DENYING REQUEST THAT SETTLEMENT AGREEMENT BE ENFORCED BY DEFENDANTS AS MOOT (ECF No. 122) |

        Plaintiff Donald J. Ackley ("Plaintiff") is a state prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August, 8, 2012, the parties participated in a settlement conference before the undersigned.  During the course of that conference, the parties reached an agreement and placed the settlement terms on the record. Thereafter, on August 17, 2012, the parties submitted a signed stipulation to dismiss the action with prejudice.  Pursuant to the stipulation, the Court dismissed the action with prejudice on August 21, 2012.

        On April 5, 2013, Plaintiff filed a motion for late settlement and thief of payment agreement. Plaintiff complained that the settlement agreement had been violated because (1) the California Department of Corrections and Rehabilitation ("CDCR") took $650.00 dollars from the $2000.00

settlement funds; and (2) he did not receive an AM/FM CD player boom box radio as agreed. (ECF No. 118.)

On April 10, 2013, Defendants Carroll and Wright filed an opposition to Plaintiff's motion regarding the settlement agreement. Defendants reported that Plaintiff had received the settlement funds. However, with regard to Plaintiff's complaint that restitution should not have been taken out of the settlement funds, Defendants noted that the written settlement agreement between the parties explicitly provided that outstanding restitution obligations would be taken out of the settlement amount. (ECF No. 119, Ex. A.) With regard to Plaintiff's dissatisfaction with the radio, Defendants noted that Plaintiff agreed to be satisfied with whatever was available in the property room, subject to the Warden's approval. (ECF No. 119, Ex. A.)

On May 1, 2013, Plaintiff filed a motion in support of Defendants violating a court order. Plaintiff again complained that officials at his current institution would not allow him to have a radio of his choosing or honor the settlement agreement. (ECF No. 121.)

On June 12, 2013, Plaintiff filed a third motion requesting that the settlement agreement be enforced by Defendants. Plaintiff again complained that officials at his current institution were not honoring the settlement agreement and were refusing to allow him to pick a radio of his choosing. (ECF No. 122.)

On June 17, 2013, Defendants filed an opposition to Plaintiff's third motion to enforce the settlement agreement. Defendants stood on their opposition filed on April 10, 2013. (ECF No. 123.) Subsequent to that time, on October 29, 2013, Defendants filed a supplemental opposition. In the supplement, Defendants represented that Plaintiff received a Sony Discman, adapter, and headphones from the Receiving and Release Sergeant at Salinas Valley State Prison in satisfaction of the settlement terms of this action on October 23, 2013. (ECF No. 124.) Defendants also provided a signed statement from Plaintiff acknowledging his receipt of the Sony Discman relative to this action. (ECF No. 124, Ex. A.)

After consideration of the foregoing, the Court does not find any basis to intervene for enforcement of the settlement agreement. With regard to the restitution taken from Plaintiff's settlement funds, the settlement agreement signed by both parties clearly stated that not only was

2

1 | CDCR obligated to collect restitution but that any outstanding restitution would be deducted from the
2 | settlement amount and paid on behalf of Plaintiff.  (ECF No. 119, Ex. A.)  With regard to the radio of
3 | Plaintiff's choosing, the evidence submitted by Defendants establishes that Plaintiff has been provided
4 | with a radio in satisfaction of the settlement terms.  (ECF Nos. 124 and 125, Ex. A.)  Plaintiff's
5 | complaints regarding the settlement agreement are therefore moot and his motions shall be denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Late Settlement and Thief of Payment Agreement, filed on April 5, 2013, is DENIED;
2. Plaintiff's Motion in Support of Violation by Defendants Violating a Court Order, filed on May 1, 2013, is DENIED; and
3. Plaintiff's Motion for an Order Requesting that Settlement Agreement Be Enforced by Defendants, filed on June 12, 2013, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **October 30, 2013**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE